DAVID H. ROBINSON, Doing Business under the Firm Name and Style of ROBINSON RAINCOAT COMPANY, Respondent, *v.* ARCHER STRAUSS RUBBER COMPANY, Appellant.

First Department, December 16, 1921.

Attachment — vacating — warrant of attachment vacated where complaint fails to state cause of action and affidavits in support of warrant are vague and uncertain.

In an action for breach of a contract to rubberize goods and for conversion of a part of the goods, a motion to vacate a warrant of attachment will be granted, where the complaint upon which it is predicated contains

no appropriate allegation that the defendant failed to perform the contract nor that any valid reason existed why the plaintiff was entitled to immediate possession of the goods or to a termination of the contract, and where the affidavits in support of the attachment were so vague and uncertain that it was impossible with any degree of accuracy to determine the quantity or quality of the goods delivered to the defendant, or how the alleged damages suffered were computed or arrived at.

APPEAL by the defendant, Archer Strauss Rubber Company, from an order of the Supreme Court, made at the New York Special Term and entered in the office of the clerk of the county of New York on the 11th day of May, 1921, denying defendant's motion to vacate a warrant of attachment.

*Burnstine & Geist* [*David Weinstein* of counsel], for the appellant.

*Edward A. McShane* [*Elliott L. Perkins* of counsel], for the respondent.

DOWLING, J.:

This motion to vacate the warrant of attachment herein was based upon two grounds: (1) That the complaint did not state facts sufficient to constitute a cause of action; (2) that there are no facts stated in the supplemental affidavit from which it specifically appears how the amount of plaintiff's alleged damage can be properly estimated.

Taking up the first of these objections, the amended complaint herein sets forth two causes of action. In the first cause of action it is averred: " *Third.* That on or about August 21st, 1919, in the Borough of Manhattan, City of New York, plaintiff and defendant entered into a certain agreement, whereby defendant agreed, for a reasonable compensation to be paid it therefor, to rubberize plaintiff's certain cloths and material and warranted that it would rubberize said goods according to the standards of the trade." This being the contract pleaded, that the defendant would rubberize the plaintiff's goods " according to the standards of the trade," there is no appropriate allegation that defendant did not so rubberize them. The general allegation of negligence and unskillfulness is no substitute therefor.

The second cause of action is based on allegations that on or about October 21, 1919, plaintiff was the owner of 1,981

yards of tan tweed raw cloth, and, pursuant to the terms of an agreement theretofore made between them, shipped same to defendant for the purpose of having it rubberized; that on or about November 1, 1919, plaintiff discovered that defendant had so negligently and unskillfully rubberized certain other cloth that he had sent to defendant that he immediately telegraphed defendant not to rubberize the said 1,981 yards of cloth and demanded that the same be returned to him, but defendant has refused to return any part thereof except 618 yards; by reason whereof plaintiff has been damaged in the sum of $817.80. This cause of action shows affirmatively that defendant lawfully received possession of these goods for the purpose of performing certain work thereon. There is no allegation that this work had not in fact been done, in whole or in part, by defendant; nor that payment had been tendered for an amount due defendant therefor; nor in fact that any valid reason existed why plaintiff was entitled to immediate possession of the goods or to terminate the contract.

As to the second objection, the affidavit and supplemental affidavit of David H. Robinson in support of the attachment are so vague and uncertain that it is impossible with any accuracy to determine the quantity or quality of the goods delivered to defendant, or how the alleged damages sustained were computed or arrived at. As to the second cause of action, damages are claimed for the conversion of 1,363 yards of cloth, but it is impossible to determine whether that is the value claimed in their rubberized or original condition.

The order appealed from will be reversed, with ten dollars costs and disbursements, and the motion granted, with ten dollars costs.

CLARKE, P. J., LAUGHLIN, PAGE and MERRELL, JJ., concur.

Order reversed, with ten dollars costs and disbursements, and motion granted, with ten dollars costs.